John W. Sweeny, J.
Petitioner moves pursuant to article 78 of the CPLR for an order declaring the action of respondents, in denying him a taxicab driver’s license arbitrary and capricious and in violation of his constitutional rights.
Respondents’ answer specified the grounds upon which they based their rejection of petitioner’s application as follows:
(A) Petitioner who was, upon information and belief, a lifelong resident of the City of New Rochelle, had been denied a hack license in that city prior to his application made to the Police Chief of the Village of Mamaroneck.
(B) Petitioner had pleaded guilty on June 12, 1970, in the *504 Town of Harrison Court on a charge of soliciting the sale of magazines without a license.
(C) Petitioner was adjudicated a youthful offender, on September 9, 1960, on a charge of grand larceny in connection with the theft of an automobile, and was sentenced to four months in the Westchester County Penitentiary and placed on probation for one year. Clearly, the mere denial of a license, by another jurisdiction, without specifying in some way the relevance between that denial and the denial of petitioner’s instant application cannot be sustained, particularly when argument disclosed that petitioner had been denied a license because of his unfamiliarity with the thoroughfares of the municipality which first refused his request.
The fact that petitioner was guilty of a violation should not, without more, be persuasive of his inability to meet the standards necessary to drive a taxicab. Pursuing this thought, the court is not at all convinced that any standards, except the ad hoc, subjective opinion of the respondent police chief, served as the basis for approval or denial of applications made pursuant to this ordinance.
The third basis for refusing petitioner’s license was his record as being a youthful offender. The rule laid down in Matter of Anonymous v. New York City Tr. Auth. (7 N Y 2d 769) is applicable here. The indiscretions of one’s youth shall not preclude him a livelihood as an adult.
The action of respondents is declared to be arbitrary and capricious and they are ordered to issue petitioner the proper license forthwith.
It is unnecessary to pass upon the procedures provided by the ordinance at issue with regard to the standards it sets up or to comment upon the ordinance’s failure to provide for an administrative hearing. The answer of respondents is sufficient in the instant case to show the impropriety of the refusal.
However, respondents are cautioned to scrutinize carefully the ordinance in its present form with a view to the avoidance of future difficulties.